UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. |
| IDA MAE DUKE, | ) | |
| | ) | 06-31003-SGJ-7 |
| Debtor. | ) | |
| ------------------------------------------------- | ) | |
| IDA MAE DUKE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-0784-G |
| LITTON LOAN SERVICING, LLP, | ) | |
| | ) | **ECF** |
| Appellee. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the appeal of Ida Mae Duke ("Duke") from an order of the bankruptcy court denying Duke's motion to avoid a nonpossessory, nonpurchase-money security interest ("Duke's Motion"). For the reasons stated below, the bankruptcy court's decision is affirmed.

On March 2, 2007, Duke filed her motion in the bankruptcy court pursuant to 11 U.S.C. § 522(f)(1)(B). In that motion, Duke admits that on or about April 13,

1999, she and her late husband borrowed $36,700 and executed a note granting a security interest in their home located at 1652 Wagon Wheels Trail, Dallas, Texas 75241.  Duke's Motion ¶ 3.  However, Duke characterizes the lien held by Litton Loan Servicing, L.L.P. ("Litton") as a lien against her "household and personal goods" rather than as a lien against her home.  *Id.* ¶ 6.  Because Duke is proceeding *pro se*, it appears that she misunderstands the nature of Litton's lien; indeed, she previously tried to avoid the lien on her home by filing a motion to avoid a judicial lien under 11 U.S.C. § 522(f)(1)(A).  *See* Litton Loan Servicing's Appellee Brief ("Litton's Brief"), Exhibit C.  At a hearing on that motion, Judge Jernigan explained to Duke that the lien on her house was not a judicial lien and that mortgages and home equity loans cannot be avoided in bankruptcy.  *Id.*, Exhibit E at 8:1-10:2.

In the motion at issue in this appeal, Duke again tried to avoid Litton's lien against her home, this time under § 522(f)(1)(B).  That section provides that a debtor may, under some circumstances, avoid a lien that is

> (B)  a nonpossessory, nonpurchase-money security interest in any --
>
>> (i)  household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>>
>> (ii)  implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

> (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

Subsection (f)(4)(A) defines the term "household goods" as it is used in subsection (f)(1)(B)(i). The term includes various items of personal property such as clothing, furniture, appliances, dishes and some electronics. 11 U.S.C. § 522(f)(4)(A). However, works of art and antiques, jewelry and electronics with an aggregate value exceeding $550 are excluded from the term "household goods." 11 U.S.C. § 522(f)(4)(B).

Under standard canons of construction used to interpret statutes, it is clear that 11 U.S.C. § 522(f)(1)(B) is not intended to allow a debtor to avoid liens on real property. Applying the *ejusdem generis*[1] canon of construction, the court is able to determine that household goods are personal property items necessary for daily life that one would expect to find in and around a home -- the types of items listed in § 522(f)(4)(A). However, more valuable items that might be categorized as luxuries rather than necessities -- those items listed in § 522(f)(4)(B) -- do not qualify as household goods.

Likewise, the court notes that the scope of § 522(f)(1)(B) is limited to personal property. Applying the *inclusio unius est exclusio alterius* canon of construction,[2] the court concludes that the statute cannot be used to avoid liens on real property. Other

---

[1] "Of the same kind or class."

[2] "To express one thing is to exclude the other."

courts have reached the same conclusion. See *In re Green*, 299 B.R. 528, 529-30 (8th Cir. B.A.P. 2003) (liens on real property may not be avoided under § 522(f)(1)(B)); *In re Millspaugh*, 302 B.R. 90, 93 n.3 (Bankr. D. Idaho 2003) (finding that § 522(f)(1)(B) is inapplicable to real property and motor vehicles because they are "notably absent" from the statute); *In re Kemper*, 225 B.R. 505, 507 (Bankr. M.D. Fla. 1998) ("Homestead property is not a household good as described in § 522(f)(1)(B)(i). Courts tend to hold that liens on homesteads and other real property are not avoidable under § 522(f)(1)(B)(i)."); cf. *In re Hoss*, 233 B.R. 684, 686-87 (W.D. Va. 1999) (overturning a bankruptcy court's determination that a mobile home lien was avoidable under § 522(f)(1)(B)(i) because "a mobile home is in no manner a household good or furnishing, as required under that subsection.").

Because 11 U.S.C. § 522(f)(1)(B) does not allow Duke to avoid a lien on real property, the bankruptcy court properly denied Duke's motion for avoidance under that statute. Accordingly, the bankruptcy court's decision is **AFFIRMED**.

**SO ORDERED**.

August 23, 2007.

                                                _____
                                                A. JOE FISH
                                                CHIEF JUDGE